UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mountain Paradise Village, Inc., ) | |
| ) | |
| Appellant, ) | Case No.: 2:13-cv-01813-GMN |
| vs. ) | |
| ) | **ORDER** |
| Federal National Mortgage Association, ) | |
| ) | |
| Appellee. ) | |

This is a bankruptcy appeal from a final order of the United States Bankruptcy Court for the District of Nevada granting relief from the automatic stay and denying approval of the debtor's Third Disclosure Statement. Now pending before the Court is the Emergency Motion for Stay Pending Appeal (ECF No. 3) filed by Debtor/Appellant Mountain Paradise Village, Inc. ("Debtor" or "Appellant") pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. Appellee Federal National Mortgage Association ("Fannie Mae" or "Appellee") filed a Response (ECF No. 5) in opposition, and Appellant filed a Reply (ECF No. 9). Having considered the parties' briefs and oral arguments, the Court hereby denies the motion, for the reasons stated in this order and on the record at the October 15, 2013, hearing.

**I. BACKGROUND**

Appellant's Chapter 11 bankruptcy proceedings in the underlying case were initiated in December 2011, and are still ongoing. After the bankruptcy judge denied approval of Appellant's third proposed plan of reorganization and lifted the stay as to Fannie Mae, a trustee's sale of the real property of the estate, an apartment complex, was scheduled for October 16, 2013. On October 1, 2013, the bankruptcy judge denied Appellant's Motion for Stay Pending Appeal, and on October 3, 2013, the instant Emergency Motion for Stay Pending Appeal (ECF No. 3) was filed before this Court.

## II. LEGAL STANDARD

"A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance," and "may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge." Fed. R. Bankr. P. 8005. The general purpose of such an order would be to "protect the rights of all parties in interest." Fed. R. Bankr. P. 8005. "The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court." Fed. R. Bankr. P. 8005. The general procedure for requests for expedited action on a motion are provided by Rule 8011 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8011.

## III. DISCUSSION

As an initial matter, the Court notes Appellant's failure to specifically address in its motion "why the relief, modification, or termination was not obtained from the bankruptcy judge," as required by Rule 8005.

Little controlling precedent is available in the bankruptcy context for a motion to stay pursuant to Rule 8005, and such a stay is generally discretionary on the part of the court. However, relevant factors for consideration of such a motion include: (1) whether appellant is likely to prevail on the merits of the appeal; (2) whether appellant will suffer irreparable damage if the stay is not granted; (3) whether irreparable harm to the public or to interested parties will occur if the stay is granted. *See Schwartz v. Covington*, 341 F.2d 537, 538 (9th Cir. 1965).

### A. Appellant's Likelihood of Success on the Merits of the Appeal

The operation of an automatic stay in a bankruptcy proceeding is governed by 11 U.S.C. § 362, which also provides for a bankruptcy court's grant of relief from the automatic stay in

1   certain circumstances. 11 U.S.C. § 362(a), (d).  "The decision to grant or deny relief from the
2   automatic stay is committed to the sound discretion of the bankruptcy court," and is a final
3   decision reviewable on appeal under the abuse of discretion standard. *In re Conejo Enters.,*
4   *Inc.*, 96 F.3d 346, 351 (9th Cir. 1996).  "Decisions committed to the bankruptcy court's
5   discretion will be reversed only if 'based on an erroneous conclusion of law or when the record
6   contains no evidence on which [the bankruptcy court] rationally could have based that
7   decision.'" *Id*. (quoting *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir. 1988)).

8   In its order, the bankruptcy court granted Appellee's motion for relief from the
9   automatic stay pursuant to section 362(d)(2) and 362(d)(3).   Here, having reviewed the order,
10  as well as the transcript of the bankruptcy court's August 20, 2013, hearing, the Court finds that
11  Appellant has not shown a likelihood of success on the merits of its appeal, particularly where
12  the reasoning of the bankruptcy court does not appear to show an abuse of discretion.  To the
13  extent that Appellant seeks review of other orders of the bankruptcy court, Appellant is unlikely
14  to succeed where its appeal is untimely or procedurally deficient. *See* Fed. R. Bankr. P. 8002.

15  **B. Irreparable Harm to Appellant, the Public, or Any Other Interested Parties**

16  Here, Appellant claims irreparable harm in the form of prejudice to his ability to
17  successfully reorganize, and loss of the rental income from the property. (Mot. to Stay, 7:20-22,
18  ECF No. 3.)  Although the Court is not persuaded by this argument, Appellant persuasively
19  argues that the loss of appellate review itself is a form of irreparable injury where any
20  successful outcome to his appeal would likely be rendered moot by the sale of the property.  On
21  this basis, the Court finds that irreparable harm could likely result if the stay is not granted.

22  However, the Court also considers the harm to any other interested parties, including
23  Appellee, other creditors, and the public in general.  Here, Appellee argues that if a stay is
24  granted, it will continue to lose cash collateral in the form of management fees paid to
25  Appellant's principal, Mr. Zeer. (Response, 13:1-8, ECF No. 5.)  Also, Appellee argues that if a

stay is granted, it will be "further delayed in its ability to collect and dispose of its collateral in the manner it deems most appropriate." (*Id*. at 13:10-12.)  Finally, Appellee argues that appeals such as this are an abuse of the system, and contrary to public policy, in that they present no valid appellate issues and represent unjustified delays in the resolution of a creditor's recovery. (*Id*. at 13-14.)  As discussed at the hearing, the parties also acknowledge that Appellee is the sole secured creditor at this time.

Here, the Court finds that the issues presented by Appellant in its appeal are not likely to succeed.  Imposition of the harms upon Appellee and the public, discussed above, cannot be justified solely for the sake of preserving the property in the unlikely event of a successful appeal.  Accordingly, the Court finds no good cause for granting Appellant's Motion for Stay Pending Appeal (ECF No. 3) and it will be denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Emergency Motion for Stay Pending Appeal (ECF No. 3) is **DENIED**.

**DATED** this 15th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge